```
                                                                    1
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                            21 CR 263 (VM)

 5   MANUEL ANTONIO SUQUILANDA,

 6              Defendant.                    Conference
                                              (via Telephone)
 7   ------------------------------x

 8                                            New York, N.Y.
                                              September 17, 2021
 9                                            11:10 a.m.

10   Before:

11
                        HON. VICTOR MARRERO,
12
                                    District Judge
13
                              APPEARANCES
14
     AUDREY STRAUSS
15        United States Attorney for the
          Southern District of New York
16   BY:  JANE CHONG
          Assistant United States Attorney
17
     FEDERAL DEFENDERS OF NEW YORK, INC.
18        Attorneys for Defendant
     BY:  SYLVIE J. LEVINE
19        S. ISAAC WHEELER

20   Also Present:
     Anna Maria Messina Riso, Interpreter (Spanish)
21

22

23

24

25

                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

1                 (Case called)

2                 THE COURT:  Do we have Mr. Suquilanda on the line?

3                 THE DEFENDANT:  Yes.

4                 THE COURT:  I understand that Mr. Suquilanda is
5     following this proceeding with the assistance of
6     interpretation.  It is my practice to confirm on the record the
7     identity of the interpreter and that the interpreter is
8     certified or on staff.

9                 THE INTERPRETER:  Good morning, your Honor.  This is
10    Anna Maria Messina Riso.  I'm a certified Spanish interpreter.
11    I'm not on staff, but I'm a certified Spanish interpreter.

12                THE COURT:  Thank you.

13                I would like, through the interpreter, to confirm that
14    Mr. Suquilanda is following this proceeding and will be able to
15    understand it with this interpretation.

16                THE DEFENDANT:  Yes.

17                THE COURT:  Thank you.

18                Counsel, please enter your appearances for the record.

19                MS. CHONG:  Your Honor, this is AUSA Jane Chong for
20    the government.

21                MS. LEVINE:  For Mr. Suquilanda, the Federal Defenders
22    of New York, by Sylvie Levine and Isaac Wheeler.

23                THE COURT:  Good morning.  Thank you.

24                As you know, we are in the midst of the COVID-19
25    pandemic, and I'm conducting this proceeding remotely pursuant

to the authority provided by Section 15002 of the CARES Act and the standing orders issued by the Chief Judge of the Southern District of New York pursuant to that act.

Counsel are appearing telephonically and the defendant is participating by telephone rather than in person. I am conducting this proceeding by teleconference rather than video conference, under the CARES Act, because I find that videoconferencing is not yet reasonably and reliably and practically available at this time in our district, based on my understanding of the district's currently limited technical capabilities and other constraints.

I have not received a written waiver of the defendant's presence before me for this proceeding. I want to confirm on the record that Mr. Suquilanda agrees to proceed by means of teleconference.

Mr. Suquilanda, did you discuss waiving your physical appearance with your attorney?

THE DEFENDANT: Yes, we discussed it.

THE COURT: And do you agree to participate in this proceeding by teleconference?

THE DEFENDANT: Yes.

THE COURT: I thank you.

I find that Mr. Suquilanda has knowingly and voluntarily agreed to participate in this conference by telephone and has waived his right to appear in person.

1          This is a conference in the underlying case which the
2  Court scheduled to review the status of the matter and also
3  review a contemplated motion for dismissal of the indictment
4  that Mr. Suquilanda, through counsel, have called to the
5  Court's attention.  I have reviewed the correspondence related
6  to that and will discuss it more fully in a moment.
7          Let me first ask the government for the status of any
8  other matters that may be relevant for the Court to know or
9  consider.  In particular, questions concerning discovery and
10 review of discovery and opportunities for the government and
11 the defendant to engage in any necessary talks, negotiations
12 relating to the defendant's plea.
13         Government.
14         MS. CHONG:  Your Honor, the government has produced
15 all discovery in this case.  This week we produced what we
16 think is the last of the discovery, which is an audio file of
17 the defendant's removal proceedings.
18         I don't believe that there is anything to discuss
19 other than the fact that the defense has moved to fully brief
20 this argument challenging jurisdiction of the immigration court
21 and the constitutionality of Section 1326.
22         Thank you, your Honor.
23         THE COURT:  I thank you.
24         Let me ask the defense counsel whether there is
25 anything else that we need to go over concerning discovery or

1   scheduling or other matters before we turn to the question of
2   the motion.
3           MS. LEVINE:  No, your Honor.  The only thing I would
4   note is the discovery production that the government made this
5   week may very well bear on the motions, and we would anticipate
6   incorporating that new discovery into our motions practice, in
7   the event that the Court allows us to proceed with that
8   briefing.
9           If the Court is prepared today to deny an opportunity
10  for us to write the motions we have proposed, I guess what I
11  would say is, after reviewing the newly produced discovery, if
12  we had new information, we would ask for an opportunity to
13  bring that to the Court's attention.
14          THE COURT:  Thank you very much.  I have reviewed very
15  closely the submissions that were made by the defendant and by
16  the government on the two issues of the jurisdiction of the
17  immigration court, based on the alleged failure to fill out the
18  necessary information on the form, the notice of appearance.  I
19  have also reviewed the dispute concerning the constitutionality
20  of Section 1326 and whether that law, as originally adopted or
21  as subsequently amended in 1952, was a violation of equal
22  protection.
23          My first impression was, what more is there to be said
24  that has not already been said in your exchange of letters?
25  You have raised the issue.  You have pointed to the proper

1  jurisprudence from the Supreme Court, the Second Circuit,
2  whether or not the Second Circuit's position is consistent with
3  the latest guidance from the Supreme Court.  This is on the
4  jurisdictional issue and on the constitutionality of Section
5  1326.  The law of equal protection is what it is.  My basic
6  question is, what more briefing is there really a need for at
7  this point?
8          MS. LEVINEL:  Your Honor, I'd like to ask Isaac
9  Wheeler, our immigration specialist, to weigh in here, if
10 that's OK.
11         MR. WHEELER:  Good morning, your Honor.  On the
12 jurisdictional question I do think there is more to say.  The
13 issues that we are raising have divided district courts.  Judge
14 Garaufis in the Eastern District granted a substantially
15 similar motion where the address information was lacking.  Two
16 courts in the Southern District have disagreed with that
17 decision.
18         But germane to that is what's the difference between
19 the requirement that the address be on the notice to appear and
20 the requirement, which they found not mandatory for
21 jurisdiction, that the hearing place be on the notice to
22 appear.  The courts that denied the claim found that the
23 hearing -- the filing address of the NTA and the Court where it
24 was to be filed are subsumed under the hearing location, which
25 was incorrect, and I think we need an opportunity to explain

1  why that's incorrect and why that actually renders an entire

2  section of the regulations saying what must be in an NTA

3  redundant and surplusage.  I would ask for an opportunity to

4  sort of explain why we have the better of that argument that

5  has divided district courts, particularly --

6           THE COURT:  Let me interrupt for a moment.  What you

7  are saying is that there are different courts that have come

8  out different ways on the question of the legality or

9  nonlegality of filling out those forms.  That's a question of

10 having different rulings and for this Court to decide whether

11 it supports interpretation from Judge Garaufis or from the

12 other judges in this district.

13          What more facts do you really need for this Court to

14 be able to do that?  Either Judge Garaufis got it right or he

15 didn't, or the two judges in this district that you are

16 referring to, either they got it right or they didn't.

17          You tell me what more that I need in order to be able

18 to make that determination as between two applications of the

19 same statute.

20          MR. WHEELER:  We need to be able to explain why the

21 address where the NTA is to be filed is a different thing, the

22 way immigration courts are organized, than a hearing location.

23 And that is not explicitly discussed in Judge Garaufis'

24 opinion.  The adverse decisions are later.  Just reading those

25 decisions would not illuminate what's wrong with the later two

1    decisions.

2    THE COURT:  Anything else?

3    MR. WHEELER:  On the jurisdictional question the
4    government is arguing that the Court doesn't need to reach the
5    merits of the issues because Mr. Suquilanda didn't appeal his
6    adverse order.  But we need to make a record about what he
7    understood at that time because the Second Circuit case law
8    says that someone who does not knowingly and intelligently
9    waive their agency remedies can still satisfy Sections
10   1326(d)(1) and (d)(2).

11   And the government argues that the *Niz-Chavez*
12   decision, which bears on the merits of the issue, is restricted
13   to the stop-time rule.  Within the context of a three-page
14   summary I was not able to set forth the reasons why that
15   reading of *Niz-Chavez* is wrong, so I don't feel like we have
16   been able to make our record on that.

17   THE COURT:  Thank you.  Anything else?

18   MR. WHEELER:  On the equal protection issue, although
19   I think our argument largely will track the analysis in the
20   District of Nevada, I think Mr. Suquilanda is entitled to a
21   chance to make a factual record, especially because the
22   government's argument will be that the 1952 enactment is the
23   relevant enactment.  Mr. Suquilanda is entitled to make his
24   record concerning the *Arlington Heights* analysis of the 1952
25   amendment.

1    There is simply nothing before the Court at this
2    point, other than the District of Nevada opinion which it
3    refers to, but does not include all of the expert testimony and
4    legislative history that was submitted to that court.  So I
5    think we need and are entitled to an opportunity to make a
6    factual record in support of the equal protection challenge
7    here.
8    THE COURT:  Thank you.
9    Again, on that issue the Court has read the decision
10   by the Nevada court and the issue really boils down to the same
11   thing that I said before.  Either the Judge in Nevada got it
12   right or he got it wrong, and there is a record there.  You
13   have made your argument.  As I said before, equal protection
14   law is what it is, and I don't see that there should be a need
15   for any vast amount of additional briefing.
16   Before we resolve that, let me ask the government for
17   any views on what we have been discussing.
18   MS. CHONG:  Your Honor, the government believes that
19   what remains here really are questions of law that could be
20   resolved on the papers that you have before you.  But we
21   understand, of course, if the Court would prefer to have more
22   briefing.
23   THE COURT:  Let me suggest that, coming back to what I
24   said earlier, you have made a very extensive case in your
25   correspondence so far.  I think it is sufficiently argued.

1            But I will give the defendant another round of a
2   three-page letter to supplement what you have already submitted
3   and the Court will be in a position at that point to rule on
4   the issues.
5            Does the government wish to have an additional
6   response briefing?
7            MS. CHONG:  Yes, your Honor.
8            THE COURT:  I will give each side another opportunity
9   to supplement what you have already submitted, to raise any of
10  these -- if you consider these new issues -- I don't consider
11  them new -- or to supplement whatever factual record the
12  defendant may wish to supplement.
13           How long would the defendant need in order to prepare
14  such a letter, Ms. Levine?
15           MS. LEVINE:  Your Honor, I am going to ask Mr. Wheeler
16  because it's his schedule that's most salient here.  So I am
17  going to ask him to answer that.
18           THE COURT:  Mr. Wheeler.
19           MR. WHEELER:  Your Honor, I have two motions due in
20  the next six days.  If I could respectfully ask for two weeks,
21  that would be helpful.
22           THE COURT:  Two weeks from today.
23           MR. WHEELER:  Yes.
24           THE COURT:  Let's look at the calendar.  What day is
25  two weeks from today?

1   THE LAW CLERK:  That's Friday, October 1.
2   THE COURT:  For the government, how much time would
3   you need in order to submit your response?
4   MS. CHONG:  Your Honor, the government asks for two
5   weeks.  We can, of course, submit it earlier if that would be
6   helpful to the Court.
7   THE COURT:  That would be roughly October 15, roughly,
8   if that's not a weekend.
9   Anything else?
10   MS. CHONG:  Your Honor, the government seeks to
11   exclude time under the Speedy Trial Act from today until the
12   date of the next status conference, whenever the Court chooses
13   to set it.
14   THE COURT:  Thank you.
15   Ms. Levine.
16   MS. LEVINE:  No objection, your Honor.
17   THE COURT:  On the government's motion to exclude
18   adjourned time from speedy trial calculations from today
19   through October 15, which is the next conference, or the end of
20   the briefing period, no objections recorded by the defendant,
21   the motion is granted.  I find that the reasons conveyed to the
22   Court warrant this exclusion of time as it is intended to
23   ensure the effective assistance of counsel and to prevent any
24   miscarriage of justice.  The Court is satisfied that the ends
25   of justice served by the granting of this continuance outweigh

1   the best interests of the public and the defendant in a speedy
2   trial.
3           This order of exclusion of time is issued pursuant to
4   the provisions of the Speedy Trial Act, Title 18, U.S.C.,
5   Section 3161(H)(7)(B), (1), and (4).
6           Let me come back a moment because I think we are
7   having a little bit of a practical problem.  We set October 15
8   as the date for the government to respond, but the Court may
9   not necessarily be in a position to render a ruling on the
10  15th, since that's the day that we will have received the
11  government submission.  Either the government cuts back on the
12  time it needs in order to respond, or we move the date for the
13  next conference another week out.
14          MS. CHONG:  Your Honor, the government could respond a
15  few days earlier; for example, if, October 12 or 13 would be
16  better for the Court.
17          THE COURT:  Why don't we agree to that instead.  The
18  exclusion of time is still on until October 15.  If we need a
19  conference on that day, we will let you know.
20          Why don't we do the following.  Let's schedule a
21  conference tentatively for that date.  If based on what the
22  Court rules we don't need a conference, we can always
23  reschedule.
24          On the 15th, Sam, do we have a date -- is that a
25  Friday, by the way?  I haven't had a chance to look.

1  THE LAW CLERK:  Hi, Judge.  October 15 is a Friday.
2  We have 1 p.m. available.
3  THE COURT:  Let's say 1 p.m. on the 15th of October.
4  Anything else?
5  MS. CHONG:  Nothing from the government, your Honor.
6  Thank you.
7  MS. LEVINE:  No.  Thank you, Judge.
8  THE COURT:  Thank you.  Have a good day and a good
9  weekend.  Bye.
10  (Adjourned)