**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

October 1, 2021

The Hon. Victor Marrero
Daniel P. Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

*Via ECF and email to Samuel_Ford@nysd.uscourts.gov*

Re:   **United States v. Manuel Suquilanda, 21-cr-263-VM**

Dear Judge Marrero,

   Mr. Suquilanda respectfully objects to the limitation of briefing to a total of two 3-page letters. The unusually strict page limit and lack of opportunity to create any factual record deprive Mr. Suquilanda of the chance to show the (putative) prior removal proceeding's unfairness and the wrongful denial of judicial review. Prosecution under 8 U.S.C. § 1326(d) without such an opportunity is unconstitutional. *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987). Denial of his *Arlington Heights* challenge without any record before the Court or reasonable briefing would likewise amount to pretermission of a motion properly brought under Fed. R. Civ. P. 12(b)(1), *see, e.g.*, *United States v. Quinones*, 313 F.3d 49, 59-60 (2d Cir. 2002) (citing *United States v. Sitka*, 845 F.2d 43 (2d Cir. 1988)), and would violate Mr. Suquilanda's Fifth and Sixth Amendment rights. Mr. Suquilanda continues to request the chance to develop the record and fully present his arguments. Subject to this objection, Mr. Suquilanda submits the following arguments in support of dismissal, pursuant to the Court's September 17 oral order:

1. The omission of the address-of-filing information from an NTA distinguishes *Banegas-Gomez*, and the S.D.N.Y. decisions to the contrary are wrong. Section 1003.15(b) of 8 C.F.R. lists the information that the NTA "must" contain (including the address of the court where it will be filed). The time and place of the initial hearing are not listed there. *See id.* That information need only be included "where practicable" pursuant to § 1003.18(b). This asymmetry confirms that these are two different things, and that the address of filing of the NTA is a non-optional requirement for the NTA to create jurisdiction. *United States v. Benitez-Dominguez*, 440 F. Supp. 3d 202, 210 & n.5 (E.D.N.Y. 2020); *see also, e.g.*, *United States v. Martinez-Aguilar*, No. 5:18-cr-00300, 2019 WL 2562655, at *3 (C.D. Cal. June 13, 2019); *United States v. Muniz-Sanchez*, 388 F. Supp. 3d 1284 (E.D. Wa. 2019); *United States v. Ramos-Urias*, No. 18-cr-00076, 2019 WL 1567526, at *2-3 (N.D. Cal. Apr. 8, 2019).[1]

---

[1] The cited Ninth Circuit district court cases were abrogated by *Aguilar-Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020), but that decision is not binding here. Its reasoning was based on *Chevron* deference to the agency, but the Second Circuit did *not* defer to the agency's view of how or when jurisdiction vests, and no such deference is due here given the unambiguous

However, in *United States v. Taveras*, 504 F. Supp. 3d 272 (S.D.N.Y. 2020), Judge Engelmayer equated the hearing "place" under § 1003.18(b) with "the address of the Immigration Court where the Service will file" the NTA under § 1003.15(b)(6), concluding that missing filing-address information creates no jurisdictional flaw so long as a hearing "place" is later supplied. *Id.* at 282. Otherwise, Judge Engelmayer reasoned, the reference to "place" in § 1003.18(b) would be "nugatory." *Id.* at 283. This reasoning is backward. It is the *Taveras* court's reading of the regulations that renders one of them "nugatory." If *Taveras* were correct that § 1003.18(b)'s provision about the "place" of the *hearing* being supplied later applied equally to the NTA *filing* address, then the regulation at § 1003.15(b)(6) would seem to be not merely superfluous, but actively misleading, in that it requires address information in the NTA *without* exception and in mandatory terms. *Taveras* fails to account for why the regulations would use two very different phrases in separate provisions that treat the inclusion (or not) of the specified information so differently, if they are coextensive. *See id.* at 285. But there is a simple reason: they are *not* the same thing. Immigration courts are regional entities that encompass multiple hearing locations, sometimes even in different cities or states.² Even the BIA has conceded this, albeit elliptically. *See Matter of Rosales-Vargas*, 27 I&N Dec. 745, 750 & n.9 (BIA 2020). In *Rosales-Vargas*, the BIA did not say the hearing location is the same as the filing address (because it knows they are not). Instead it strained to prove the filing address was "encompassed" in the hearing location because if one got notice of a hearing and went to that place, one would see the court's filing address—which, again, may be in a different city altogether, *see supra* n.2—posted on the wall per regulation. *Id.* at 750 n.9 (citing 8 C.F.R. § 1003.11). *Taveras* glossed over the distinction the BIA admits to in *Rosales-Vargas* by stating that "a charging document, by nature, is filed in the court where the case will be heard." 2020 WL 7059493, at *10. This is simply not so and the BIA's strained effort to explain how the filing location is "encompassed" by a public notice available at the hearing location shows as much.³

2.  Congress tied the immigration judge's jurisdiction to the filing of an NTA that complies with the statute's requirement of notice of hearing, in a session-law provision overlooked in *Banegas-Gomez*.⁴ (Pub. L. No. 104-209, Div. C, § 309(c)(2) (Sept. 30, 1996)). The

---

language of the regulations. *Kohn v. Barr*, 813 F. App'x 623, 625 (2d Cir. May 13, 2020) (unpub.) ("*Banegas Gomez* was not based on *Auer* deference to the BIA's interpretation; rather, we decided the case on the plain language of the statute and regulations, while noting that our conclusion was "reinforced by the BIA's precedential opinion.""). Moreover, *Aguilar-Fermin* is not the last word; the issue remains pending in the Ninth Circuit in *Bastide-Hernandez*, No.19-30006 (9th Cir.) *reh'g pet'n filed* (July 26, 2021), as noted previously.
² *See generally* https://www.justice.gov/eoir/immigration-court-administrative-control-list (last visited Oct.1, 2021) (listing courts by "base city" and specifying, for each such court "Other Hearing Locations" "which may be serviced by the administrative control court"; listing, e.g., hearing locations in Guam and the Marshall Islands under the Hawaii Immigration Court).
³ One other recent decision adopts the *Taveras* court's reasoning in dicta concerning the same issue. *United States v. Dominguez-Bido*, No. 20 cr. 34 (PAC), 2021 WL 1026386, at *6–7 (S.D.N.Y. Mar. 17, 2021). It is wrong for the same reasons.
⁴ That the government finds this argument merely "gesture[d] at" illustrates the page-limit problem. Mr. Suquilanda will fully brief the argument given space to do so, but even quoting

government argues the Court need not grapple with this legal issue of first impression under § 1326(d) because Mr. Suquilanda did not appeal the void removal order to the BIA or seek judicial review thereafter. (Gov't Mem. 2). In a full motion, Mr. Suquilanda would show that his waiver of agency remedies and the resulting default of judicial review were not knowing and voluntary, as required under Second Circuit caselaw interpreting 8 U.S.C. §§1326(d)(1) and (2) (to the extent those provisions even apply here, where the underlying order was a legal nullity). *See, e.g.*, *United States v. Sosa*, 387 F.3d 131, 136–37 (2d Cir. 2004). *Sosa*'s holding—that § 1326 cannot comport with due process under *Mendoza-Lopez*, if *involuntary* waiver of agency and judicial review can bar a motion under §§1326(d)(1) and (2)—is unaffected by *United States v. Palomar-Santiago*, 141 S. Ct. 1615 (2021), which expressly reserved this constitutional issue, *id.* at 1622 n.4. *See United States v. Ramos de la Rosa*, No. 21-cr-210, 2021 WL 2784610 (S.D.N.Y. Jul. 1, 2021) (applying *Sosa*'s non-knowing-waiver exception to *Palomar-Santiago*'s holding that §§ 1326(d)(1),(2) "must be satisfied").

3. Regarding the equal protection claim, the majority of cases the government collects reject its bid for rational-basis review. (Gov't Mem. 3 n.1; citations omitted for brevity). On the merits, the government argues that because § 1326 was first made a *felony* offense in 1952, *Carillo-Lopez* is wrong to rest on a lack of debate in 1952 regarding the predecessor statute's overtly racist intent. (Gov't Mem. at 3). But *Carillo-Lopez* declined to decide whether silence alone would be sufficient (slip op. 16) because other evidence cumulatively showed discriminatory intent in 1952 (slip op. 17-27). Such evidence extends to subsequent statutory revisions, as well (although the government does not appear to assert their relevance). *See* Decl. of Dr. S. Deborah Kang, *United States v. Cadena-Salinas*, No. 19-cr-850-XR (W.D. Tex.) at 11-15 (surveying the history of § 1326's revision in 1952 and concluding that "[r]acist beliefs regarding the exploitability and deportability of Mexican workers clearly informed the passage of these laws. . . . White House officials, members of Congress, and the INS articulated eugenicist stereotypes of Mexican migrants . . . . [T]he passage of measures such as [§ 1326] . . . cemented the second-class status of Mexican nationals in America"); *id.* at 17-62 (surveying in detail the racial animus behind subsequent statutory revisions to § 1326 from 1965 to 1996) (filed Sept. 21, 2021).[5]

                                              Respectfully submitted,

                                              /s
                                              S. Isaac Wheeler
                                              Federal Defenders of NY, Inc.
                                              (917) 612-0059 (cell)
                                              isaac_wheeler@fd.org

---

the relevant session-law provision occupies 151 words and 11 lines of text. Nor does space permit Mr. Suquilanda to explain why *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1484-85 (2021) confirms that § 1003.18(b) is *ultra vires* and that 8 U.S.C. § 1229(a)(1)(G)(i)'s requirements apply to the jurisdiction-creating NTA referred to in 8 C.F.R. § 1003.14(a).
[5] Docketed as entry 45, Exhibit 1 in case 19-cr-850-XR (W.D. Tx.) (accessed on ECF Oct. 1, 2021).